IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMONTE ALLISON, JR.,

    Petitioner,

v.

STATE OF ILLINOIS,

    Respondent.

Case No. 3:25-CV-00229-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Petitioner Jamonte Allison, Jr. is an inmate at the Lawrence Correctional Center within the Illinois Department of Corrections. (Doc. 1). He "do[esn't] have a federal case" and, instead, argues that his "detainment [in state custody] is unlawful." (*Id.*). He contends that he was granted executive clemency by President Joseph Biden and that, as a result, his detention in state custody must end. (*Id.*). The remainder of his petition is incomprehensibly drafted, offers very little (if any) information about the nature of his state conviction and sentence, and fails to develop a legal basis for habeas relief. Nevertheless, the Court construes Allison's petition as raising a claim that he should be released from state custody due to the President's grant of executive clemency.

    This matter is before the Court on preliminary review of the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As noted, Allison appears to argue that the state of Illinois must release him from custody because he was granted executive clemency by President Biden.[1] This is not the first time he has raised this argument. On July 22, 2004, Allison was charged in a third superseding indictment with one count of conspiracy to distribute five grams or more of crack cocaine under 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2002). *See United States v. Allison*, 4:04-cr-40021-JPG-2 (*Allison* Crim. Dkt. Doc. 78). On November 7, 2005, Allison was sentenced to 240 months in prison after pleading guilty to the charge against him. (*Id.* Docs. 218, 241).

On August 5, 2016, President Barack Obama commuted Allison's sentence, shortening his term of imprisonment until December 1, 2016. (*Id.* Docs. 454, 524). Six years after Allison's commutation became effective, Allison filed a motion for a new trial in this Court. (*Id.* Doc. 512). On February 10, 2025, he filed a separate "motion for release from custody per clemency grant." (*Id.* Doc. 523). Judge J. Phil Gilbert criticized these motions as "barely legible" and "nonsensical." (*Id.* Doc. 524). The only discernible argument Judge Gilbert identified was the same one Allison raises here: that he is entitled to release from state custody due to the President's commutation of his federal sentence. (*Id.*). Judge Gilbert denied Allison's motions for lack of jurisdiction. (*Id.*). He also explained that

---

[1] Allison has offered no documentary evidence of an executive grant of clemency from President Biden. However, in a separate criminal case in this Court, *United States v. Allison*, 4:04-cr-40021-JPG-2, Allison received an executive grant of clemency from President Barack Obama on August 5, 2016. (*Allison* Crim. Dkt., Doc. 454).

although Allison "is at liberty to file a habeas petition" under section 2254, "it is not clear from the record, nor from the decipherable portions of his motions, that he is making claims that would warrant said habeas relief." (*Id.*). This brings us to Allison's instant habeas petition.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when a petitioner challenges the fact or duration of confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Allison argues that he should be released from state custody because he received an executive grant of clemency from the President of the United States. This argument is little more than a retread of his argument in his motions for a new trial and for release from custody. Allison's petition, like these prior motions, is almost entirely incomprehensible. And to the extent that he does raise a discernible claim—that the grant of executive clemency entitles him to release from state custody—he is plainly wrong. The Constitution gives the President the "Power to grant Reprieves and Pardons *for Offences against the United States*, except in Cases of Impeachment." U.S. Const. art. II, § 2 (emphasis added). "[T]he words 'for offenses against the United States' were inserted . . ., presumably to make clear that the pardon of the President was to operate upon offenses against the United States as distinguished from offenses against the states." *Ex Parte Grossman*, 267 U.S. 87, 113 (1925). Judge Gilbert previously explained, consistent with

these authorities, that "our system of government does not allow the President of the United States to override the law enforcement of any particular state; if that is his basis for filing a § 2254 petition, then he is unlikely to succeed." (*Allison* Crim. Dkt. Doc. 532). Allison appears to have offered the same argument in the instant petition, perhaps hoping that a different judge might reach a different result. If that is his goal, it will not work. The Court agrees with Judge Gilbert that black letter law prohibits it from entertaining Allison's habeas petition seeking release from state custody on the basis of the President's grant of executive clemency. The commutation of his sentence applied to his *federal* sentence only.

## DISPOSITION

For these reasons, the Petition under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Jamonte Allison, Jr. (Doc. 1) is **DENIED with prejudice**. All other pending motions are **DENIED as moot**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the Court's

"assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Here, no reasonable jurist would find it debatable that this Court's ruling is correct. Accordingly, the Court denies a certificate of appealability. Allison may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

### NOTICE

If Allison wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Allison must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Allison chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: January 13, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**